IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA DEVIN MAGNESS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WALLED LAKE CREDIT BUREAU, LLC | : | NO. 12-6586 |
| et al. | : | |

MEMORANDUM ORDER

AND NOW, this 29th day of March, 2013, upon consideration of Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Doc. Nos. 17 and 18) and the parties' responses and replies thereto (Doc. Nos. 21, 25, 27, 30), it is hereby ORDERED that the Motions are DENIED.

I.   Factual Background

Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 192, et seq., (FDCPA) (Count I) and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201.1, et seq. (UTPCPL) (Count II). Plaintiff alleges that Defendants Bank of America N.A. ("BOA") and Walled Lake Credit Bureau, LLC ("Walled Lake") violated Plaintiff's rights under the applicable statutes by wrongfully informing Plaintiff that her mortgage was in default, threatening to foreclose on Plaintiff's home, and harassing Plaintiff with a number of abusive oral and written communications.

The Amended Complaint (the "Complaint") (Doc. No. 15) alleges that, in June 2011, Plaintiff acquired a loan from BOA in order to purchase a home. Thereafter, BOA sent Plaintiff regular "mortgage statements," and Plaintiff made timely, monthly payments on the mortgage in addition to voluntary contributions towards the principal of the loan.

Despite remaining current on her loan, in August 2012, Plaintiff received a "Borrower

1

Response Package" from BOA, which stated, inter alia that: (1) BOA did not receive Plaintiff's "last two regularly scheduled payments"; (2) Plaintiff must "take action on this issue quickly"; and (3) failure to take action may put Plaintiff "at risk of losing [her] home to foreclosure." (Doc. No. 15 at ¶ 28). The package further identified BOA as a "debt collector" and Walled Lake as a third party "licensed debt collector" working with BOA. (Id. at ¶ 36).

After receiving the Borrower Response Package, Plaintiff immediately contacted BOA, remitted an additional (and allegedly unnecessary) payment, and received assurance from BOA that all "collection activity" on Plaintiff's account would cease. Despite Plaintiff's immediate action and BOA's assurances, Plaintiff continued to receive harassing phone calls, emails, and additional Borrower Response Packages. These communications indicated that Plaintiff's account with BOA was in default and that Plaintiff was at risk of foreclosure on her home. Plaintiff alleges that these communications came from "representatives" of BOA and identified Walled Lake as a third party debt collector working with BOA.

Currently before the Court are BOA and Walled Lake's Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. Nos. 17 and 18). For the reasons stated below, the Motions are DENIED.

  II.  Standard of Review

Pursuant to Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard 'asks for more than a sheer

Case 2:12-cv-06586-LDD Document 31 Filed 04/01/13 Page 3 of 8

possibility that a defendant has acted unlawfully.'" Miles v. Twp. of Barnegat, 343 F. App'x 841, 844 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). Rather, plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "the facts alleged [in the complaint] must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). While we must draw all reasonable inferences in favor of the plaintiff, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Additionally, the "presumption of truth" does not apply "to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Miles, 343 F. App'x at 845 (quoting Iqbal, 129 S. Ct. at 1949). In considering a motion to dismiss, we may look to the allegations made in the complaint, the exhibits attached to the complaint, undisputedly authentic documents, and matters of public record. Pryor v. Nat'l Coll. Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

With regard to the substantive legal claims at issue, this Court applies Pennsylvania law as interpreted by the Pennsylvania Supreme Court. See, e.g., Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000). In the absence of guidance from the Pennsylvania Supreme Court, we consider decisions of the state's intermediate appellate courts and decisions of federal courts interpreting Pennsylvania law for assistance in predicting how the state's highest court

3

would rule. Gares v. Willingboro Township, 90 F.3d 720, 725 (3d Cir. 1988).

    III.    Discussion

Defendants move to dismiss both counts of Plaintiff's Amended Complaint. Defendants allege that Plaintiff fails to state a claim upon which relief can be granted under the FDCPA, because Defendants are not "debt collectors" within the meaning of the Act and because Plaintiff fails to allege that Defendants engaged in prohibited conduct. Defendants further move to dismiss Plaintiff's UTPCPL claim, on the theory that, Pennsylvania law does not permit UTPCPL claims regarding debt collection which fail to state a claim under the Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270, et seq. (FCEUA).

    A.    FDCPA Claims

Defendants argue that Plaintiff fails to state a claim under the FDCPA, because Plaintiff neither alleges: (1) that Defendants are parties whom the Act regulates, or (2) that Defendants engaged in conduct which the Act prohibits. At this stage, we find that Plaintiff has sufficiently alleged FDCPA claims against Defendants.

    1.    Standard of Review

The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000) (internal citation omitted); see also 15 U.S.C. § 1692(e) (2012). Accordingly, the Act specifically regulates the conduct of "debt collectors," and generally does not apply to "creditors." Pollice, 225 F.3d at 403 (internal citations omitted).

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (2012). The Act specifically excludes certain parties from this definition, including "any nonprofit organization which, at the request of consumers, performs bona fide credit counseling and assists consumers in the liquidation of their debts" and "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. §§ 1692a(6)(E), 1692a(6)(F)(ii).

While the FDCPA generally excludes "creditors" from its coverage, certain exceptions apply. Specifically, the FDCPA regulates the conduct of a creditor who "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692(a)(6). Section 1692j further extends the FDCPA's coverage to creditors who "design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j(a).

    2.    <u>Discussion</u>

At this stage, construing the allegations in the Complaint in the light most favorable to Plaintiff, we find that Plaintiff has alleged sufficient facts to state a claim against Defendants under the FDCPA.

Plaintiff sufficiently alleges that the FDCPA regulates BOA and Walled Lake's allegedly improper conduct. Although BOA appears to be a "creditor" – and therefore a party whom the

FDCPA does not regulate – the FDCPA regulates the conduct of a creditor who "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" or who designs or uses forms which "create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor." 15 U.S.C. § 1692(a)(6), 1692j.

Plaintiff's Complaint alleges that the written and oral communications that Plaintiff received from BOA were not only false, abusive, and misleading, but also indicated that BOA was working with third-party Walled Lake in order to collect Plaintiff's alleged debts and that both BOA and Walled Lake are "debt collectors." While discovery may shed additional light on the extent to which BOA "used" Walled Lake's name and whether BOA created a "false belief" regarding Walled Lake's role in this matter, at this stage, we find Plaintiff's allegations sufficient to state a claim that BOA's actions fall within the FDCPA's purview.

We additionally find that the Complaint sufficiently states an FDCPA claim against Walled Lake. The Borrower Response Packages that Plaintiff received indicated that Walled Lake was a "licensed debt collector" working with BOA to collect Plaintiff's debts. The Complaint further suggests that Plaintiff received a number of false, abusive, and misleading oral and written communications from Walled Lake "on behalf" of BOA. Plaintiff alleges that Walled Lake regularly acts as a "debt collector" by collecting debts that are owed to others, and Plaintiff directs the court to a number of publically-available sources, in which Walled Lake identifies itself as a "debt collector." Although a party's representation that it is a "debt collector" is not dispositive of that party's legal status under the FDCPA, at this stage, and considering the totality of Plaintiff's

Amended Complaint, we find Plaintiff's allegations sufficient to state a claim that Walled Lake's actions fall under the FDCPA.

### B.  UTPCPL Claims

Defendants further move to dismiss Plaintiff's UTPCPL claim, on the theory that, Pennsylvania law does not permit UTPCPL debt collection claims which fail to state a claim under Pennsylvania's FCEUA. We find Defendants' argument unpersuasive at this stage.

#### 1.  Standard of Review

The UTPCPL prohibits any person from engaging in "[u]nfair methods of competition and unfair or deceptive acts or practices." 73 Pa. Stat. Ann. § 201-3. The Act provides a non-exhaustive list of unfair trade practices that the Act specifically prohibits as well as a "catch all" provision which broadly prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." Id. § 201-2(4). The Pennsylvania Supreme Court instructs that courts "construe [the UTPCPL] liberally to effect its object of preventing unfair or deceptive practices." Creamer v. Monumental Properties Inc., 459 Pa. 450, 329 A.2d 812, 817 (1974).

A related law, the FCEUA, serves as Pennsylvania's analogue to the FDCPA, and specifically regulates unfair debt collection practices. While the FCEUA is identical to the FDCPA in most regards, unlike the FDCPA, the definition of "debt" that the FCEUA covers does not include "money which is owed or alleged to be owed as a result of a loan secured by a purchase money mortgage on real estate." 73 P.S. § 2270.3. The UTPCPL provides a private right of action for FCEUA violations. 73 Pa.Stat.Ann. § 2270.5(a) ("If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a

violation of ... the Unfair Trade Practices and Consumer Protection Law."). Accordingly, an FCEUA violation constitutes a UTPCPL violation, per se.

2. Discussion

Defendants argue that, because Plaintiff's claims regard "a purchase money mortgage on real estate," Plaintiff fails to state a claim under the FCEUA and therefore also fails to state a claim under the UTPCPL. While Defendants correctly assert that an FCEUA violation constitutes a per se UTPCPL violation, the inverse of this statement lacks legal and logical support. One may violate the UTPCPL in a number of manners, and one need not assert a cognizable FCEUA claim in order to assert a valid UTPCPL claim.

Defendants urge us to find that, the Pennsylvania legislature intended the FCEUA to cover the full scope of Pennsylvania's debt collection laws, and that any debt collection practice that is beyond the purview of the FCEUA is also necessarily beyond the scope of the UTPCPL. While Defendants' argument is appealing, it lacks the authority of the Pennsylvania Supreme Court, the Pennsylvania Superior Courts, and the Third Circuit Court of Appeals. At this early stage in the litigation, and without a factual record regarding the exact nature and scope of Plaintiff's claims, we decline to opine as to whether the Pennsylvania legislature intended the FCEUA to cover the full scope of debt collection violations under Pennsylvania law.

IV. Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendants' Motions to Dismiss (Doc. Nos. 17, 18) are DENIED.

BY THE COURT:

S/Legrome D. Davis
Legrome D. Davis, J.